# In the United States Court of Federal Claims

No. 17-581C
Filed: June 21, 2018

FILED

JUN 21 2018

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| ERIC DRAKE, | \* |
| Plaintiff, *pro se,* | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant. | \* |

Rule of the United States Court of Federal Claims ("RCFC") 59 (Motion For Reconsideration).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Eric Drake**, Dallas, Texas, Plaintiff, *pro se.*

**Jeffrey M. Lowry**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**BRADEN**, *Chief Judge*.

### I. BACKGROUND.[1]

On May 30, 1990, Mr. Eric Drake was arrested after attempting to make a suspicious deposit at the Bank of Tidewater. 11/15/17 Am. Compl. ¶ 18. One day after his arrest, Mr. Drake was ordered to "liquidate his gun collection or his automobile to pay the full cost of the court appointed [attorney's] fees[.]" 11/15/17 Am. Compl. Ex. D.

On August 14, 1990, Mr. Drake pleaded guilty to a violation of 18 U.S.C. § 1028(a)(1) (1988) for production of false identification. 11/15/17 Am. Compl. ¶ 15; 11/15/17 Am. Compl. Exs. H, J. On October 17, 1990, Mr. Drake was sentenced to "a term of one hundred and forty

---

[1] The facts discussed in this section were derived from the November 15, 2017 Amended Complaint ("11/15/17 Am. Compl.") and attached exhibits ("11/15/17 Am. Compl. Exs. A–K"); *see also Drake v. United States*, No. 17-58C, 2018 WL 1613869, at \*1–2 (Fed. Cl. Apr. 3, 2018).

one (141) days of incarceration, which time had already been served[,]" twenty-four months of supervised release, and a fine of $2,570. 11/15/17 Am. Compl. Ex. H.

Mr. Drake petitioned the Governor of Louisiana for a pardon in 1994. 11/15/17 Am. Compl. ¶ 16. The Governor of Louisiana pardoned Mr. Drake in September of 1995. 11/15/17 Am. Compl. Ex. J.

On September 6, 2005, Mr. Drake filed a motion for expungement in the United States District Court for the Eastern District of Virginia, that was denied on December 19, 2005. 11/15/17 Am. Compl. ¶ 16.

On April 27, 2017, Mr. Drake filed a Complaint in the United States Court of Federal Claims that alleged the United States breached an implied contract under the United States Constitution and violated various constitutional and statutory provisions during the course of Mr. Drake's 1990 conviction. 11/15/17 Am. Compl. ¶¶ 82–157. On December 5, 2017, the Government moved to dismiss the April 27, 2017 Complaint, pursuant to RCFC 12(b)(1).

On April 3, 2018, the court issued a Memorandum Opinion And Final Order that dismissed the April 27, 2017 Complaint. *See Drake*, 2018 WL 1613869, at *6. Therein, the court determined that it did not have jurisdiction to adjudicate the claims alleged in the April 27, 2018 Complaint, because they were time-barred by the statute of limitations. *Id.*

On April 13, 2018, Mr. Drake filed a Motion To Reconsider And For New Trial, Motion To Set Aside Judgment, And Motion For The Court To Expand Statute of Limitations,[2] requesting that the court reconsider the April 3, 2018 Memorandum Opinion And Final Order ("4/13/18 Mot."). 4/13/18 Mot. ¶ 1. On June 11, 2018, Mr. Drake filed a Notice regarding the April 13, 2018 Motion For Reconsideration ("6/11/18 Notice").[3]

## II. STANDARD OF REVIEW.

The court may reconsider and alter or amend its judgment, if the movant can show that: (1) there has been an intervening change in controlling law; (2) previously unavailable evidence is now available; or (3) the motion is necessary to prevent manifest injustice. *See* RCFC 59(a)(1); *see also Dairyland Power Co-op v. United States*, 106 Fed. Cl. 102, 104 (Fed. Cl. 2012) ("Reconsideration is not to be construed as an opportunity to relitigate issues already decided. Rather, the moving party must demonstrate either an intervening change in controlling law, previously unavailable evidence, or a manifest error of law or mistake of fact." (citation omitted)). A motion for reconsideration requires "a showing of extraordinary circumstances." *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (citation omitted), *cert. denied*, 546 U.S. 826 (2005). Moreover, it is not intended to give an "unhappy litigant an additional chance to sway"

---

[2] The court construes this as a Motion For Reconsideration, pursuant to RCFC 59.

[3] The June 11, 2018 Notice provides "additional support for [Mr. Drake's April 13, 2018] Motion To Reconsider." 6/11/18 Notice at 1. RCFC 59, however, does not contemplate additional pleadings in support of a Motion For Reconsideration. *See* RCFC 59. Therefore, the court does not consider the additional arguments made therein.

2

the court. *See Matthews v. United States*, 73 Fed. Cl. 524, 526 (Fed. Cl. 2006). Nor may a party prevail by raising an issue for the first time on reconsideration, when it was ripe for adjudication at the time the complaint was filed. *Id.*

### III. DISCUSSION.

#### A. Plaintiff's Argument.

Mr. Drake requests reconsideration of the court's April 3, 2018 Memorandum Opinion And Final Order. 4/13/18 Mot. ¶ 1. Specifically, Mr. Drake insists that the court should equitably toll the statute of limitations, "when a [United States] citizen's rights have been violated by agents of the [United States] government," as Mr. Drake asserts happened in his case. 4/13/18 Mot. ¶ 13. In addition, the statute of limitations should not be enforced in such cases, "because the [United States c]ourts are controlled by the same government that tortured [Mr. Drake]." 4/13/18 Mot. ¶ 13. Lastly, Mr. Drake requests that he be given a new trial, because the statute of limitations, that prevented the court from exercising jurisdiction, should be tolled for the reasons above. 4/13/18 Mot. ¶ 15.

#### B. The Court's Resolution.

The April 3, 2018 Memorandum Opinion And Final Order explained that the court must consider jurisdiction as a "threshold matter . . . before reaching the substantive merits of a case." *Drake*, 2018 WL 1613869, at *3 (citing *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.")). The April 3, 2018 Memorandum Opinion And Final Order also explained that the United States Court of Federal Claims has jurisdiction to adjudicate "any claim against the United States founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract for liquidated or unliquidated damaged in cases not sounding in tort." *Drake*, 2018 WL 1613869, at *5 (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act is a jurisdictional statute, which does not confer substantive rights and is limited by a statute of limitations spanning six years from the accrual of a claim. 28 U.S.C. § 2501. As the April 3, 2018 Memorandum Opinion And Final Order explained, because the statute of limitations in 28 U.S.C. § 2501 is "jurisdictional," it *cannot* be equitably tolled. *Drake*, 2018 WL 1613869, at *5 (citing *John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1354 (Fed. Cir. 2006), *aff'd*, 552 U.S. 130 (2008)).

Mr. Drake's claim "first accrued no later than October 17, 1990." *Drake*, 2018 WL 1613869, at *6 (quotations omitted). As determined in the April 3, 2018 Memorandum Opinion And Final Order, this accrual occurred 26 years prior to the filing of the April 27, 2017 Complaint. *Drake*, 2018 WL 1613869, at *5. The April 13, 2018 Motion For Reconsideration does not identify any intervening change in controlling law, *i.e.*, it does not allege that the statute of limitations has changed or that it is no longer a jurisdictional requirement. *See* 4/13/18 Mot.; *see also* RCFC 59(a)(1). The April 13, 2018 Motion For Reconsideration also does not allege new facts that were not available at the time of the April 3, 2018 Memorandum Opinion And Final Order, nor does the April 13, 2018 Motion For Reconsideration identify a mistake of fact or law that would result in injustice. *See* 4/13/18 Mot.

3

For these reasons, the court has determined that Mr. Drake has not established that he is entitled to reconsideration of the court's April 3, 2018 Memorandum Opinion And Final Order, pursuant to RCFC 59(a)(1).

### IV. CONCLUSION.

For these reasons, Mr. Drake's April 13, 2018 Motion For Reconsideration is denied.

**IT IS SO ORDERED.**

*/s/ Susan G. Braden*

**SUSAN G. BRADEN**
**Chief Judge**